## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **12-00456-jw**
Adversary Proceeding Number:  **15-80147-jw**

## ORDER REGARDING MOTION TO DISMISS AMENDED COMPLAINT

The relief set forth on the following pages, for a total of 16 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/01/2016**



*John E Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 02/01/2016

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Congaree Triton Acquisitions, LLC,<br><br>Debtor(s).<br><br>Robert F. Anderson, as Chapter 7 Trustee for<br>Congaree Triton Acquisitions, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>Carroll A. Campbell<br>John D. Cattano,<br><br>Defendant(s). | C/A No. 12-00456-JW<br><br>Adv. Pro. No. 15-80147-JW<br><br>Chapter 7<br><br>**ORDER REGARDING MOTION TO DISMISS AMENDED COMPLAINT** |

This matter comes before the Court on the Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) Motion") filed by Carroll A. Campbell, III and John D. Cattano ("Campbell & Cattano"). The Chapter 7 Trustee, Robert F. Anderson ("Trustee"), filed a response to the Rule 12(b)(6) Motion and both parties filed memoranda of law in support of their positions. After considering the arguments of the parties presented at a hearing and the record in this adversary proceeding, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, which is applicable in bankruptcy proceedings under Fed. R. Bankr. P. 7052.[1]

## **FINDINGS OF FACT**

1.      On January 4, 2011, Congaree Triton Acquisitions, LLC ("Debtor") filed Articles of Organization with the South Carolina Secretary of State. The purpose of Debtor's incorporation

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any conclusions of law constitute findings of fact, they are so adopted.

was to purchase and operate two natural stone distributing companies, Triton Stone of Charlotte, Inc. ("TSCLT") and Triton Stone of Myrtle Beach, Inc. ("TSMB"). Campbell & Cattano were two of the principal investors in Debtor.

2.      On March 1, 2011, Debtor entered into an Asset Purchase Agreement ("A.P.A.") with TSCLT and TSMB to purchase substantially all of the assets of the two companies (the "Purchase Transaction").

3.      Pursuant to the A.P.A., the assets of TSCLT and TSMB were then transferred to Debtor on March 11, 2011.

4.      Shortly after its formation and the Purchase Transaction, Debtor experienced financial difficulties and filed a petition under Chapter 11 of the Bankruptcy Code on January 26, 2012.

5.      On June 29, 2012, upon a motion and hearing, Debtor's bankruptcy case was converted to Chapter 7 and the Trustee was appointed.

6.      On March 7, 2014, Campbell & Cattano filed a complaint in the Richland County Court of Common Pleas asserting multiple causes of action against several parties related to the Purchase Transaction ("State Court Defendants"), which was assigned case number 2014-CP-40-1517 ("State Court Action").[2] The basis of Campbell & Cattano's complaint centers on alleged misrepresentations Campbell & Cattano received regarding TSMB and TSCLT prior to the Purchase Transaction and Debtor's incorporation. Additionally, Campbell & Cattano alleged wrongdoing by the State Court Defendants after the entry of the A.P.A. Subsequently, on July 9,

---

[2] The following parties are defendants in the State Court Action and are collectively referred to as the State Court Defendants: Triton Stone Group, LLC, Triton Stone Management, LLC, Triton Stone Southhaven, LLC, Joshua Kessler, Randy Mathis, Gary Sena, Triston Stone Group New Orleans, LLC, Christian Jensen, Jack Jensen, TSCLT, TSMB, FGSW, LLC, 9002 Dunes, LLC, Natural Stone Holdings, LLC, Federico Gildmeister, and Michella Williams.

2014, the State Court Action was transferred to the Horry County Court of Common Pleas ("State Court").[3]

7.    On March 10, 2014, the Trustee commenced an adversary proceeding (Adv. Pro. No. 14-80026-jw) by filing a complaint which asserted several causes of action relating to the Purchase Transaction ("Purchase Transaction Adversary") against multiple defendants, including many of the State Court Defendants.[4]

8.    On September 12, 2014, after notice and a hearing, including the objection of Campbell & Cattano, this Court entered an Order Approving Settlement between the Trustee and Inga R. Ivey, Michella I. Williams and 9002 Dunes, LLC regarding certain claims raised in the Purchase Transaction Adversary ("9/12/14 Order"). As part of that settlement, the Trustee released any claims the Debtor may have possessed at the time of petition against Inga R. Ivey, Michella I. Williams and 9002 Dunes, LLC.

9.    On June 8, 2015, after notice and a hearing, including the objection of Campbell & Cattano, this Court entered an Order Approving Settlement between the Trustee and Triton Partners Management Group d/b/a Triton Stone Management Group of Charlotte, LLC d/b/a Triton Stone Management, LLC d/b/a Triton Stone Group of Charlotte, LLC, Triton Stone Group, LLC, Triton Stone of Southhaven, and Joshua L. Kessler regarding certain claims raised in the Purchase Transaction Adversary ("6/8/15 Order").[5] As part of that settlement, the Trustee released

---

[3] Upon the transfer of the State Court Action to Horry County, the case was assigned case number 2014-CP-26-04888.
[4] Per the Trustee's Amended Complaint, claims were brought in the Purchase Transaction Adversary against 9002 Dunes, LLC, FGSW, LLC, Triton Partners Management Group d/b/a Triton Stone Management  Group of Charlotte, LLC d/b/a Triton Stone Management, LLC d/b/a Triton Stone Group of Charlotte, LLC, Triton Stone Group, LLC, Triton Stone New Orleans, LLC, TSCLT, TSMB, Triton Stone of Southaven, Federico J. Gildemeister, Michella I. Williams, Inga R. Ivey, Joshua L. Kessler, Campbell & Cattano.
[5] Triton Partners Management Group d/b/a Triton Stone Management Group of Charlotte, LLC d/b/a Triton Stone Management, LLC d/b/a Triton Stone Group of Charlotte, LLC, Triton Stone Group, LLC, Triton Stone of Southhaven, Joshua L. Kessler, Inga R. Ivey, Michella I. Williams and 9002 Dunes, LLC are hereinafter collectively referred to as "Settling Defendants."

any claims involving the Purchase Transaction the Debtor may have possessed at the time of petition against those parties and their representatives and agents.

10.    On July 15, 2015, the Trustee filed the present adversary proceeding seeking declaratory judgments and permanent injunctive relief against Campbell & Cattano. The Trustee alleges that Campbell & Cattano's State Court Action involves derivative claims, which are property of the bankruptcy estate under 11 U.S.C. § 541.[6] The Trustee seeks declaratory judgments that certain claims in the State Court Action are property of the estate, that certain claims in the State Court Action were settled by the settlement agreements approved by the 9/12/14 Order and 6/8/15 Order and that Campbell & Cattano's prosecution of the State Court Action is in violation of § 362(a)(3). Further, the Trustee seeks permanent injunctive relief to prevent any further prosecution of the derivative claims in the State Court Action by Campbell & Cattano.

11.    On August 13, 2015, Trustee filed an amended complaint ("Trustee's Amended Complaint") in the present adversary proceeding.

12.    Thereafter, Campbell & Cattano filed the Rule 12(b)(6) Motion.

## CONCLUSIONS OF LAW

Campbell & Cattano have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the Trustee's Amended Complaint. "'The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, merits of a claim, or the applicability of defenses.'" Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). In order for a complaint to survive a Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true (even if doubtful in fact)." Bell Atl. Corp.

---

[6] Further citations to sections of the United States Bankruptcy Code (11 U.S.C. § 101, et seq.) shall be by section number only.

v. Twombly, 550 U.S. 544, 555 (2007). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In addition to the allegations in the complaint, courts may consider matters of public record as well as the documents attached to the complaint and the motion to dismiss "so long as they are integral to the complaint and authentic." Phillips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### Judicial Estoppel

In the Rule 12(b)(6) Motion, Campbell & Cattano assert that the Trustee's Amended Complaint is barred by judicial estoppel on two grounds. First, the Trustee previously submitted an advisory opinion in the State Court Action,[7] alleging that some of Campbell & Cattano's claims are derivative while stating that others were merely similar in object and purpose to the Trustee's claims. [8] With the latter group, the Trustee requested the State Court refrain from hearing until the resolution of the Trustee's claims. The advisory opinion was provided at the request of the State Court when that court was determining the direct or derivative nature of the claims raised in the State Court Action in the context of a motion to dismiss under S.C. R. Civ. P. 12. In the present adversary proceeding, the Trustee is alleging that some of the claims previously reported as being similar in object and purpose to the Trustee's claims are instead derivative.[9]  As a result of these

---

[7] The term "advisory opinion" appears to be a misnomer. Because the Trustee named the document as an advisory opinion and because both Campbell & Cattano and the Trustee have referred it as an "advisory opinion" throughout their pleadings before this Court, the Court will also refer to that document as the Trustee's advisory opinion.

[8] In the advisory opinion filed with the State Court, the Trustee alleged that the claims in the State Court Action based on fraudulent concealment, negligent misrepresentation, unjust enrichment, and breach of fiduciary duty were derivative claims. The Trustee alleged that the claims based on fraud, constructive fraud, unfair trade practices, civil conspiracy and indemnification were similar in purpose and object to the Trustee's claims.

[9] The following are the claims that the Trustee previously reported as being similar in object and purpose to the Trustee's claims and is now alleging are derivative: the claims based on fraud, constructive fraud, unfair trade practices and indemnification. Also, the Trustee's Amended Complaint states that the claim based on malicious prosecution is derivative; however, the Trustee has since stated that this allegation was included in error.

inconsistent positions taken by the Trustee, Campbell & Cattano allege that the present proceeding should be barred.

Second, at a hearing before this Court on May 5, 2015 regarding the Trustee's Notice and Application for Settlement in a related adversary proceeding in this case, counsel for the Trustee stated that "although Mr. Cattano and Mr. Campbell will have the ability to pursue direct claims in state court, the settlement will extinguish the trustee's derivative claims that would be asserted on behalf of Triton Stone Charlotte and Triton Stone Myrtle Beach." Furthermore, counsel for the Trustee stated that "[Campbell & Cattano] will have an ability to pursue their direct claims to the extent that the claims are direct." Campbell & Cattano argue that these statements recognize their independent direct claims, a position which is inconsistent with the position taken in the Trustee's Amended Complaint.

To determine these arguments in the context of a Rule 12(b)(6) motion, an affirmative defense, like judicial estoppel, may be considered in limited circumstances if the factual requirements of the defense appear on the face of the plaintiff's complaint. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc) ("[I]n the relatively rare circumstance where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6) . . . if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993))).

There are three essential elements to establish judicial estoppel:

1.   The party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation.  The position sought to be estopped must be one of fact rather than law or legal theory.

2.   The prior inconsistent position must have been accepted by the court.  This requirement is to ensure that judicial estoppel is applied in the narrowest of circumstances.

     3.   The party sought to be estopped must have "intentionally misled the court to gain unfair advantage."  This factor is the "determinative factor" in the application of judicial estoppel to a particular case.

Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996). "[C]ourts must apply the doctrine with

caution." John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995).

     Initially, the Court observes that the content of the advisory opinion and the statements

made by the Trustee's counsel in Court do not appear on the face of the Trustee's Amended

Complaint. Copies of the advisory opinion and the transcript of the May 5, 2015 hearing were

attached as exhibits to the Rule 12(b)(6) Motion. To the extent the statements of the Trustee's

counsel in Court at the May 5, 2015 hearing and the Trustee's advisory opinion filed in the State

Court Action could be considered part of the public record, an argument could be made to consider

them. See Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004) ("In reviewing a Rule 12(b)(6)

dismissal, we may properly take judicial notice of matters of public record."). Therefore, in the

interest of judicial economy, the Court shall address these arguments.

     As to the Trustee's statements in the advisory opinion, after examining the required

elements, the Court finds that judicial estoppel does not bar the present proceeding. It does not

appear that the State Court accepted the Trustee's positions in the advisory opinion because the

Trustee did not file the advisory opinion until after the State Court issued its order. Specifically,

the State Court issued its S.C. R. Civ. P. 12 Order four days prior to the Trustee's filing of the

advisory opinion. [10] As the advisory opinion was not available to the State Court at the time the

court issued its order, the positions stated in the advisory opinion could not have been accepted by

the State Court. Further, when the State Court was asked to reconsider the S.C. R. Civ. P. 12 Order,

---

[10] According to the documents submitted, the State Court's S.C. R. Civ. P. 12 Order was dated July 7, 2014 and filed on July 9, 2014; whereas, the Trustee's advisory opinion was dated and filed on July 11, 2014.

the State Court did not adopt the positions asserted by the Trustee in the advisory opinion.[11] Because the State Court did not accept the Trustee's prior position, Campbell and Cattano cannot satisfy the required elements of judicial estoppel as to the Trustee's advisory opinion.

As to the statements made by Trustee's counsel at the May 5, 2015 hearing, the Court also finds that judicial estoppel does not bar the present proceeding. The Court did not accept the statements made by Trustee's counsel as the basis to overrule Campbell & Cattano's objection and grant the Trustee's Application for Settlement. A review of the Court's Order Approving Settlement and Compromise shows that the Court overruled Campbell & Cattano's objection primarily on the basis that Campbell & Cattano lacked standing to object and granted the Order Approving Settlement based on consideration of the expense, probability of success and complexity of the Purchase Transaction Adversary as well as the difficulties of the Trustee's collection of possible judgments and the best interests of creditors. Additionally, a review of the record, including the rather detailed Notice and Application for Settlement, does not convince the Court that the Trustee sought to intentionally mislead the Court. Therefore, for these reasons, Campbell & Cattano's affirmative defense that the present proceeding is barred by judicial estoppel is denied.

### Detriment to the Estate

Campbell & Cattano also allege that the present matter should be barred because the proceeding is a detriment to the estate and creditors. In prior orders in this case, the Court has held

---

[11] Specifically, the State Court stated that it "is unable to discover any material fact or principal of law that either has been overlooked or disregarded and further finds no error of law or facts not appropriately considered." The State Court did not reconsider its prior order finding that Campbell & Cattano's claims based on fraud, constructive fraud, fraudulent concealment, negligent misrepresentation, unfair trade practices, unjust enrichment, indemnification and malicious prosecution were direct claims. Campbell & Cattano's claims based on civil conspiracy, breach of fiduciary duty and fraudulent inducement to create a limited liability company were dismissed for failure to state a claim under South Carolina law.  Also, the State Court did not refrain from hearing any particular claims as requested by the Trustee.

that Campbell & Cattano do not have standing to raise distribution issues regarding the Trustee's administration of the estate because Campbell & Cattano do not have pecuniary interest in the estate.[12]   In prior hearings, Campbell & Cattano conceded that they are "not 'creditors' of the Debtor and have never filed a proof of claim in the bankruptcy proceeding . . . ." Campbell & Cattano did not seek reconsideration or file an appeal of these orders.  The doctrine of law of the case prevents Campbell & Cattano from asserting standing at this time to question the Trustee's administration of the estate because Campbell & Cattano are bound by the prior, unappealed order of the case. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) ("'[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815 (1988))). For these reasons, the Court overrules Campbell & Cattano's arguments regarding whether the present matter is a detriment to the estate.

### Preliminary Injunction

Campbell & Cattano's Rule 12(b)(6) Motion also alleges that the Trustee's Amended Complaint fails to state a claim for a preliminary injunction. In his Amended Complaint, the Trustee seeks permanent injunctive relief under § 105 and does not seek a preliminary injunction to enjoin the State Court Action. As these allegations in the Rule 12(b)(6) Motion appear to be misplaced, the Court finds Campbell & Cattano's arguments regarding preliminary injunctions to be unpersuasive.

---

[12] Generally, a party must have a pecuniary interest in the estate to have standing to question a Chapter 7 Trustee's administration of the bankruptcy estate. See, e.g., Willemain v. Kivitz (In re Willemain), 764 F.2d 1019, 1022 (4th Cir. 1985) ("[A]n insolvent debtor is not a party in interest and thus lacks standing because he has no pecuniary interest in the distribution of his assets among his creditors.") In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir. 1998) ("To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings."); In re PassAm, Inc., 99-03475-JW, slip op. (Bankr. D.S.C. Apr. 20, 2000) (holding that shareholders and representatives of an insolvent debtor do not have standing to object to a Chapter 7 Trustee's application to employee).

**Sufficiency of Trustee's Amended Complaint for Declaratory Judgments**

In reviewing the Trustee's Amended Complaint, each cause of action for declaratory judgment appears dependent on the determination of whether the claims raised in the State Court Action are direct or derivative under South Carolina law.[13] "As a general rule, the right to pursue a derivative action is part of the bankruptcy estate under 11 U.S.C. § 541" and the trustee has the exclusive right to bring and settle derivative actions. In re Glo-Tex Int'l, Inc., 07-06449-jw, slip op. at 4-5 (Bankr. D.S.C. Nov. 30, 2010). Conversely, direct claims are property of the creditor, who has the authority to prosecute and settle the claims. Id. at 4.

Under South Carolina law, the determination of whether a plaintiff's action is direct or derivative will depend on the nature of the plaintiff's injury as well as any fiduciary relationship owed to the plaintiff. "A shareholder may maintain an individual action only if his loss is separate and distinct from that of the corporation." Hite v. Thomas & Howard Co. of Florence, Inc., 409 S.E.2d 340, 342 (S.C. 1991), rev'd on other grounds Huntley v. Young, 462 S.E.2d 860 (S.C. 1995). Additionally, direct actions are allowed when "the alleged wrongdoers owe a fiduciary relationship to the stockholder and full relief to the stockholder cannot be had through a recovery by the corporation." Brown v. Stewart, 557 S.E.2d 676, 685 (S.C. 2001). As a particular wrong can result in separate and distinct injuries to both a corporation and an individual shareholder, both direct and derivative claims can arise from the same set of facts. See, e.g., 12B W. Fletcher, Fletcher Cyclopedia of the Law of Corporations § 5921, Westlaw (database updated Sept. 2015) ("A shareholder may sue as an individual where the act complained of created not only a cause of

---

[13] Neither party addressed the choice of law of the claims in the State Court Action at the hearing on the Rule 12(b)(6) Motion. While both parties have cited to North Carolina and South Carolina law regarding the claims, in the State Court's Order on Defendants' Motion to Dismiss in the State Court Action, the court applied South Carolina law. As both the parties' pleadings and the State Court Order implies the use of South Carolina law, the Court will apply South Carolina law for the purposes of this Rule 12(b)(6) Motion.

action in favor of the corporation but also creates a cause of action in favor of the shareholder as an individual . . . ."); 19 Am. Jur. 2d Corporations § 1922, Westlaw (database updated Nov. 2015) ("A shareholder may bring a derivative action and an individual claim at the same time if he or she has suffered a different injury than the other shareholders.").

Previously, in the Notice & Application for Settlement, the Trustee stated his position that certain claims in the State Court Action were derivative.[14]   In their objection to the Notice and Application of Settlement, Campbell & Cattano disputed the Trustee's assertion;[15] however, the primary argument made at the hearing was related to whether the settlement was in the best interest of creditors. Neither the Trustee, Settling Defendants nor Campbell & Cattano, as objecting parties, introduced evidence which would be necessary for the Court to determine the direct or derivative nature of all the claims in the State Court Action or distinguish them, if necessary. The Court's Order approving the settlement does not indicate an examination nor make specific findings of fact regarding the nature of those claims.

The record indicates that Campbell & Cattano believed that they had direct claims separate and distinct from the Trustee's derivative claims and the Trustee's counsel acknowledged that "any direct claims" would continue after the settlement. No party at the hearing argued that the approval of the settlement would effectively subsume or preclude all of the claims in the State Court Action. Nothing in the record at that time put the Court in a position to conclude the nature of all of the claims in the State Court Action.[16]

---

[14] Specifically, the Trustee stated that the claims based on fraud, constructive fraud, fraudulent concealment, negligent misrepresentation, unfair trade practices, unjust enrichment and indemnification are derivative.

[15] Campbell & Cattano stated the following in their objection to the application for settlement: "[T]he Trustee gratuitously stated that Campbell and Cattano's State Court Complaint is a derivative claim of the estate, a statement that is without factual or legal support, as expressed clearly in Judge Cooper's opinion of July 7, 2014. **Our separate and distinct direct claims against the Defendants are just as important as the Trustee's claims against the Defendants.**"

[16] The Trustee's Amended Complaint in the present adversary proceeding appears to confirm that this Court has not made a dispositive determination regarding the direct or derivative nature of the claims in the State Court Action. In

However, this Court's Order approving the settlement, including its reference to the broad release, did conclude the existing derivative claims between the Settling Defendants, which is binding on Campbell & Cattano as well.

The allegations of the Trustee's Amended Complaint are certainly sufficient to defeat the Rule 12(b)(6) Motion in requesting this Court to determine whether the claims in the State Court Action are derivative, were previously settled, are property of the estate and protected by the automatic stay.[17] Further, to the extent Campbell & Cattano have separate direct claims, the State Court appears to be the appropriate forum.[18]

## Discretionary Abstention

The present dilemma, of course, is whether it makes sense for both this Court and the State Court to undertake the same analysis, albeit with different parties.

This Court has ruled in a prior case that an examination of the nature and sufficiency of the allegations in the state court complaint is adequate to determine if claims are direct or derivative. Glo-Tex, 07-06449-jw at 5. However, South Carolina state courts have reviewed additional

---

the complaint, the Trustee provides lengthy and detailed allegations regarding the nature of those claims, the relationship of Campbell & Cattano's harm to the Debtor's harm and the terms of the A.P.A. to establish that the claims are derivative. Such voluminous pleadings would be unnecessary if the Court had made a previous dispositive determination on the issue.

[17] In examining the amended complaint in the State Court Action, the allegations appear to revolve around the negotiations and events of the Purchase Transaction between Debtor, TSCLT and TSMB. Further, several of the injuries alleged by Campbell & Cattano in the State Court complaint mirror injuries to the Debtor, including loss of their investments in Debtor and losses as a result of personal guarantees on corporate debts. See Umphlett Lumber Co. v. Trident Systems, Inc., 878 F. Supp. 844, 847 (D.S.C. 1995) (holding that individual claims based on injuries resulting from personal guarantees on corporate debts was economic loss to the corporation and, thus, derivative in nature); Rivers v. Wachovia Corp., 819 F.Supp.2d 484, 487 (D.S.C. 2010), aff'd 665 F.3d 610 (4th Cir. 2011) ("[U]nder . . . South Carolina law, it is a 'well-established general rule' that shareholders do not have standing to bring direct claims for wrongs that diminish the value of their shares in a corporation."); Adams v. Haselden, 99 S.E. 762 (S.C. 1919) (holding that investors' injuries were derivative when investors brought an action to recover the purchase price of a pecan grove from its seller's estate after the seller made fraudulent representations which induced the investors to form the company that purchased the pecan grove).

[18] If Campbell & Cattano can establish that their injuries are separate and distinct or a special duty was owed to them, it is possible that derivative and direct claims arose from the events related to the Purchase Transaction. As such, the Trustee's prior settlement may have settled Debtor's claims arising out of the Purchase Transaction, but direct claims may remain for Campbell & Cattano.

evidence beyond the complaint in determining if claims are direct or derivative. <u>See</u> <u>Brown v.</u>
<u>Stewart</u>, 557 S.E.2d 676 (S.C. 2001) (reviewing the testimony provided at trial when determining
to reverse a trial court's verdict because the claim was derivative); <u>Todd v. Zaldo</u>, 403 S.E.2d 666
(S.C. Ct. App. 1991) (reviewing the trial court's record to reverse trial court's verdict because the
alleged claims were derivative in nature). Therefore, under the circumstances in this case, it
appears that a further factual inquiry is needed to determine whether Campbell & Cattano's injuries
are separate and distinct from Debtor's injuries and whether Campbell & Cattano were owed any
special duties by the State Court Defendants. <u>See</u> <u>PCS Nitrogen, Inc., v. Ross Dev. Corp.</u>, C/A No.
2009-CV-03171-MBS, 2015 WL 5024349 at *13 (D.S.C. Aug. 21, 2015) ("The South Carolina
Supreme Court also has noted that courts must be careful to 'distinguish clearly' between the rights
accruing to the corporation itself versus those accruing to creditors personally." (quoting <u>Daniels</u>
<u>v. Berry</u>, 146 S.E. 420, 421 (S.C. 1929))); <u>A Pocono Country Place, Inc. v. Peterson</u>, 675 F. Supp.
968, 976 (M.D. Penn. 1987) (allowing for further discovery to be conducted regarding a plaintiff's
injuries when plaintiff's complaint creates a close question under the Rule 12(b)(6) standard as to
whether the injuries are separate and distinct).

There are competing factors to be considered as to which court is better situated to make a
conclusive determination of the nature of the claims being asserted in the State Court Action.

Factors that weigh in favor of the State Court making the conclusive determination include:

(1) That state law may determine the nature of the claims. <u>See</u> <u>In re Anderson</u>, C/A No.
04-1278-jw, slip op. at 5 (Bankr. D.S.C. Apr. 15, 2004) ("A determination of property
rights and interests is generally the province of a state court.").

(2) That the State Court has progressed beyond pre-trial motions to discovery.

13

(3) That the State Court has previously considered the issue in the context of a S.C. R. Civ.

P. 12 motion.[19]

However, there are multiple factors that suggest this Court should make the conclusive

determination of whether the nature of the claims asserted in the State Court Action are all

derivative to the exclusion of any direct claims, including:

(1) That the Trustee is not a party to the proceeding in the State Court Action and is not

bound by any ruling therein.

(2) That, to the extent the claims in the State Court Action are derivative, they are property

of the estate, subject to the Court's prior order approving settlement and the automatic

stay under § 362.  Violations of the automatic stay expose parties to a finding of

damages and actions in violation of the stay are void and of no legal effect. See

Weatherford v. TIMMARK (In re Weatherford), 413 B.R. 273, 283–84 (Bankr. D.S.C.

2009) (holding that a judgment obtained in violation of the automatic stay is void *ab

initio* and without legal effect); Ex parte Reichlyn, 427 S.E.2d 661, 663–64 (S.C. 1993)

(holding that the automatic stay deprives state court judges "of subject matter

jurisdiction to take any action inconsistent with the stay."). In addition, parties who act

in violation of this Court's Order Approving Settlement may be found in contempt of

that Order.

To resolve this dilemma, a further hearing shall be held by this Court on **February 23,

2016 at 10:00 A.M.** to consider discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1). The

---

[19] It appears that the S.C. R. Civ. P. 12 Order would not be considered a final judgment and may be reconsidered during the State Court Action. See Huntley v. Young, 462 S.E.2d 860, 861 (S.C. 1995) ("Although generally the denial of a Rule 12(b)(6) motion is not directly appealable, we have allowed an appeal in cases such as this where the issue is whether a claim is properly asserted as a direct action or as a shareholder's derivative action. We now reconsider . . . and overrule it to the extent it hold this type of order is directly appealable.").

Trustee, Campbell & Cattano and any affected Settling Defendants may be heard at the hearing. In order to be heard, parties shall file memoranda stating their positions on or before **February 16, 2016**.[20] The failure to file shall be deemed a waiver of that party's right to be heard. In the interim, this Court requests the State Court make no further rulings dispositive on the issue.

## <u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED THAT:

(1) Campbell & Cattano's affirmative defense that the present proceeding is barred by judicial estoppel is denied;

(2) Campbell & Cattano's arguments regarding whether the present proceeding is a detriment to the estate are overruled;

(3) Campbell & Cattano's Rule 12(b)(6) Motion is denied; and

(4) A further hearing regarding discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) is hereby scheduled for **February 23, 2016 at 10:00 A.M. at J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina 29201-2423**. To be heard at the hearing, parties must submit a memoranda to this Court by **February 16, 2016**.

**AND IT IS SO ORDERED.**

---

[20] **Each party's memorandum should be limited to 15 pages. Lengthy recitals of the case history and facts are not necessary and the parties should focus on the most pertinent references in the record to support their arguments. Further, the Trustee's memorandum should address why the continuation of the present adversary proceeding, as opposed to seeking intervention in the State Court Action, is in the best interest of the estate.**